# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRYSLER GROUP LLC,                          Case No. 11-11074

        Plaintiff,                            Honorable Arthur J. Tarnow
                                              Senior United States District Judge
v.

MODA GROUP LLC ET AL.

        Defendants.
_____/


## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF DR. BUTTERS [28]
### and
## DENYING PLAINTIFF'S MOTION IN LIMINE [32]

      Before the Court are Defendants' Motion to Exclude Expert Report and Testimony of Dr. Butters [28] and Plaintiff's Motion in Limine [32]. Both motions were filed in anticipation of the May 20, 2011 hearing that was held on Plaintiff's Motion for Preliminary Injunction [12]. The Court heard arguments as to Defendants' Motion to Exclude [28] and Plaintiff's Motion in Limine [32] on May 20, 2011.

      Because the parties have failed to demonstrate that the experts are unqualified to offer expert testimony, or that the opinion of the expert intends to provide is irrelevant or unreliable, the motions must be DENIED. *See* Fed. R. Evid. 702; *Daubert v. Merrell Down Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). In *Daubert*, the Court identified four factors to evaluate the admissibility of scientific experts. *Id.* at 593-94. In *Kumho*, the Court held that the factors were also applicable when determining the admissibility of other types of "technical" and "specialized" knowledge. *Kumho*, 526 U.S. at 147. The factors

are: 1) whether the expert's "theory or technique . . . can be (and has been) tested"; 2) "whether the theory or technique has been subjected to peer review and publication; 3) the theory or technique's "known or potential rate of error"; and 4) the "general acceptance" of the theory or technique by the "relevant scientific community." *Daubert*, 509 U.S. at 593-94.

Plaintiff correctly responds to Defendants' motion that linguistics and lexicology are social sciences that are not generally experimental. Nevertheless, linguistics requires specialized knowledge. Dr. Butters is qualified. *See* Butters Report, Ex. A. He also thoroughly explains the methodology he has used to reach his conclusions. *See* Hrg. Tr. 94-103. As Plaintiff notes, courts regularly rely on linguistic evidence in trademark cases. *See* Pl.'s Resp. [34], at 5 (citing various cases in which linguistic experts were used in trademark cases). The issues raised in Defendants' motion go to the weight and not admissibility of Dr. Butters' report and testimony.

For similar reasons, Plaintiff's Motion to Exclude Professor Tschura must also be denied. Tschura has specialized knowledge. He is qualified and has published on trademark law. *See* Tshura Decl. [27-2]. Similarly, Plaintiff's arguments against Tschura's expert report and testimony go to weight and not admissibility.

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude [28] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [32] is **DENIED**.

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: June 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2011, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Secretary